UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOMONIC RONALDO MALONE,<br><br>Petitioner,<br>v.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>Respondents. | Case No. 2:18-cv-01146-RFB-NJK<br><br>ORDER |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Domonic Ronaldo Malone, a Nevada prisoner. The action was initiated by Malone, *pro se*, on June 25, 2018. On July 13, 2018, the Court granted Malone's motion for appointment of counsel, and appointed the Federal Public Defender for the District of Nevada (FPD) to represent Malone, subject to the FPD's determination whether there was any conflict. *See* Order entered July 13, 2018 (ECF No. 4). On July 20, 2018, the FPD filed a notice indicating that office has a conflict, precluding their representation of Malone. The Court will therefore appoint other counsel to represent Malone, and will set a schedule for further proceedings in this action.

**IT IS THEREFORE ORDERED** that the Office of the Federal Public Defender for the District of Nevada is discharged from their representation of the petitioner in this action.

1

**IT IS FURTHER ORDERED** that Lisa Rasmussen (601 South 10th Street, Suite 100, Las Vegas, NV 89101, (702) 471-1436) is appointed to represent the petitioner in this action. Counsel will represent the petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to update the docket for this case to reflect this change in the representation of the petitioner.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve this order on the following:

- the respondents;
- the Federal Public Defender for the District of Nevada;
- Lisa Rasmussen, 601 South 10th Street, Suite 100, Las Vegas, NV 89101;
- the petitioner, at High Desert State Prison.

**IT IS FURTHER ORDERED** that the petitioner shall pay the filing fee for this case ($5) within 45 days from the date of this order.

**IT IS FURTHER ORDERED** that the petitioner shall file an amended petition for writ of habeas corpus, or a notice stating that amendment of the petition is unnecessary, within 90 days from the date of this order.

**IT IS FURTHER ORDERED** that, after petitioner files an amended petition or notice stating that amendment is unnecessary, the following schedule will apply:

<u>Response to Amended Petition</u>. Respondents will have 90 days following service of the amended petition to file an answer or other response to the amended petition. If petitioner does not file an amended petition, respondents will have 90 days following the petitioner's notice to that effect to file an answer or other response to the original petition.

<u>Reply and Response to Reply</u>. Petitioner will have 60 days following service of an answer to file a reply. Respondents shall thereafter have 30 days following service of a reply to file a response to the reply.

<u>Briefing of Motion to Dismiss</u>. Petitioner will have 60 days following service of a motion to dismiss respond to the motion. Respondents will then have 30 days to reply.

1       Discovery. If petitioner wishes to move for leave to conduct discovery, petitioner shall file such motion concurrently with, but separately from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file a response to any such motion concurrently with, but separately from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

      Evidentiary Hearing. If petitioner wishes to request an evidentiary hearing, petitioner shall file a motion for an evidentiary hearing concurrently with, but separately from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents shall file a response to that motion concurrently with, but separately from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

      DATED THIS 31st day of August, 2018.

                                                              RICHARD F. BOULWARE, II,
                                                             UNITED STATES DISTRICT JUDGE