UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOMONIC RONALDO MALONE,<br><br>Petitioner,<br><br>v.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>Respondents. | Case No. 2:18-cv-01146-RFB-NJK<br><br>**ORDER** |

**I.   INTRODUCTION**

In this habeas corpus action, brought by Nevada prisoner Domonic Ronaldo Malone ("Petitioner" or "Malone"), represented by appointed counsel, the respondents have filed a motion to dismiss. (ECF No. 22). The Court will grant the motion in part and deny it in part.

**II.   BACKGROUND**

Petitioner Domonic Malone was convicted of kidnapping and murdering Victoria Magee and Charlotte Comabado with co-defendant Jason McCarty. Malone was sentenced to four consecutive sentences of life in prison without the possibility of parole for the murders, and various other prison sentences for the other crimes. See Judgment of Conviction, Exh. 365 (ECF No. 29-54).

Malone appealed. See Notice of Appeal, Exh. 368 (ECF No. 29-57); Appellant's Opening Brief, Exh. 376 (ECF No. 30-6). The Nevada Supreme Court affirmed the judgment of conviction on December 18, 2013. See Order of Affirmance, Exh. 385 (ECF No. 30-15). The remittitur was issued on January 15, 2014. See Remittitur, Exh.387 (ECF No. 30-17).

Malone filed a *pro se* petition for writ of habeas corpus in state court on August 13, 2014. See Petition for Writ of Habeas Corpus, Exh. 390 (ECF Nos. 30-20, 30-21, 30-22, 30-23, 30-24); see also Amended Supplemental Petition for Writ of Habeas Corpus, Exh. 415 (ECF Nos. 30-49, 30-50); Supplemental Memorandum of Points and Authorities, Exh. 429 (ECF No. 30-64). The state district court denied Malone's petition in a written order filed on May 5, 2017. See Findings of Fact, Conclusions of Law and Order, Exh. 437 (ECF No. 30-72). Malone appealed. See Notice of Appeal, Exh. 439 (ECF No. 30-74); Appellant's Informal Brief, Exh. 447 (ECF No. 31-7). The Nevada Supreme Court affirmed the denial of Malone's petition on February 15, 2018. See Order of Affirmance, Exh. 474 (ECF No. 31-35). The remittitur was issued on March 15, 2018. See Remittitur, Exh. 481 (ECF No. 31-42).

This Court received a *pro se* petition for writ of habeas corpus from Malone, initiating this action, on June 25, 2018. See Petition for Writ of Habeas Corpus (ECF No. 1-1). The Court granted Malone's motion for appointment of counsel, and appointed counsel to represent him. See Order entered July 16, 2018 (ECF No. 4); Order entered August 31, 2018 (ECF No. 7). With counsel, Malone filed an amended petition on January 29, 2019 (ECF No. 11).

In his amended petition, Malone asserts the following grounds for habeas corpus relief:

> 1.     Malone's federal constitutional rights were violated "when he was forced to accept the Special Public Defender's Office as his lawyers."
>
> 2.     Malone's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, because of trial counsel's "failure to challenge prospective juror #484."
>
> 3.     Malone's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, because of trial counsel's failure "to investigate the incomplete cellphone records or hire and expert to reconstruct them."
>
> 4A.    Malone's federal constitutional rights were violated because the prosecutor, in closing argument, committed prosecutorial misconduct by referring "to a dumped out purse as evidence of a 'struggle' during the alleged kidnapping."

2

  4B. Malone's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, because of trial counsel's failure to object to the State's improper commentary during closing arguments.

  5. Malone's federal constitutional rights were violated as a result of improper jury instructions.

  6. Malone's federal constitutional rights were violated because his first-degree kidnapping conviction was not supported by sufficient evidence.

  7. Malone's federal constitutional rights were violated because the trial court allowed the testimony of an accomplice and improperly instructed the jury about how to weigh the accomplice testimony.

  8A. Malone's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, because of the cumulative effect of trial counsel's errors.

  8B. Malone's federal constitutional rights were violated as a result of ineffective assistance of his appellate counsel.

Amended Petition for Writ of Habeas Corpus (ECF No. 11).

On September 9, 2019, Respondents filed their motion to dismiss (ECF No. 22) arguing: Grounds 2, 5, 6 and 7 of Malone's amended petition are barred by the statute of limitations; Grounds 2 and 7 are partly or wholly unexhausted in state court; and Grounds 4, 5, 6 and 7 are partly or wholly procedurally defaulted. Malone filed an opposition to the motion to dismiss on September 24, 2019 (ECF No. 36). Respondents filed a reply on October 14, 2019 (ECF No. 37).

 III. **DISCUSSION**

  **a. Statute of Limitations**

Respondents argue in their motion to dismiss that Grounds 2, 5, 6 and 7 of Malone's amended petition are barred by the statute of limitations. <u>See</u> Motion to Dismiss (ECF No. 22), pp. 17–21. Ground 2 is Malone's claim that his trial counsel was ineffective for "failure to challenge prospective juror #484;" Ground 5 is his claim that the trial court gave improper jury instructions; Ground 6 is his claim that his first-degree kidnapping conviction was not supported by sufficient evidence; and Ground 7 is his claim that the trial court improperly allowed the testimony of an accomplice and improperly instructed

the jury about how to weigh the accomplice testimony. See Amended Petition for Writ of Habeas Corpus (ECF No. 11).

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions; the statue provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). The statutory limitations period is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. See 28 U.S.C. § 2244(d)(2).

Malone's conviction became final, and the limitations period for his federal habeas petition began to run on March 18, 2014—90 days after the Nevada Supreme Court ruled on his direct appeal. The limitations period ran for 148 days, from March 18, 2014, to August 13, 2014, when Malone initiated his state habeas action. The limitations period was tolled, under 28 U.S.C. § 2244(d)(2), from August 13, 2014, to March 15, 2018, when the remittitur was issued after the Nevada Supreme Court ruled on the appeal in Malone's state habeas action. The limitations period then began to run again on March 15, 2018, and it expired 217 days later, on October 18, 2018. Malone filed his original petition on June 25, 2018, well before the limitations period expired; he filed his amended petition on

1 January 29, 2019, well after the limitations period expired. This much is undisputed. *See*
2 Motion to Dismiss (ECF No. 22), pp. 17–21; Opposition to Motion to Dismiss (ECF No.
3 36), pp. 11–12.

4       The question whether Grounds 2, 5, 6 and 7 of Malone's amended petition are barred by the statute of limitations turns on whether those claims relate back to his original petition. In <u>Mayle v. Felix</u>, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." <u>Mayle</u>, 545 U.S. at 650, 664.

12       In his opposition to the motion to dismiss, Malone points to the following language in his original petition, arguing that it incorporated into the petition the operative facts of Grounds 2, 5, 6 and 7:

> I hereby preserve all the issue[s] raised within my Amended Supplemental Petition For Writ of Habeas Corpus (Post-Conviction) filed 2/18/2016 @ 11:51:39 AM likewise to the Supplemental Memorandum of Points And Authorities in Support of Amended Supplemental Petition for Writ of Habeas Corpus (Post Conviction) filed on 11/9/2016.

18 Opposition to Motion to Dismiss (ECF No. 36), pp. 11-12, quoting Petition for Writ of Habeas Corpus (ECF No. 1-1), p. 3, which in turn refers to Amended Supplemental Petition for Writ of Habeas Corpus, Exh. 415 (ECF Nos. 30-49, 30-50), and Supplemental Memorandum of Points and Authorities, Exh. 429 (ECF No. 30-64). Malone argues:

> The document filed in February 2016 is, in fact, Mr. Malone's state postconviction petition. ECF 15-27, p. 2. It contains all of the claims which are asserted in the federal Amended Petition. By incorporating the state postconviction petition via reference, Mr. Malone's original federal petition was clearly also asserting those claims in the specific, cognizable terms laid out in the state petition.

26 Opposition to Motion to Dismiss (ECF No. 36), pp. 11–12.

27       The Court agrees with Petitioner. In the case <u>Ross v. Willams</u>, the Ninth Circuit
28 held that an amended petition may relate back to an original petition that relies on an

5

appended written instrument, including state court briefing of the state habeas petition. 950 F.3d 1160, 1168-166 (9th Cir. 2020). Ross concerned a particular application of the incorporation-by-reference doctrine. Incorporation by reference permits a court to incorporate by reference documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers exclusively to the document or the document forms the basis of the plaintiff's claim). Although Malone did not attach the referenced briefing in his original petition, the Court does not agree with Respondents that the mere fact that Malone did not attach the documents—explicitly referenced in the petition and the contents of which neither party disputes—means that Petitioner could not incorporate the documents by reference. Bearing this principle in mind, and the general rule that the Court should construe pro se documents liberally, the Court will therefore incorporate by reference Malone's state postconviction motion. The state court postconviction motion does sufficiently articulate Grounds 2, 5, 6, and 7. See Amended Supplemental Petition for Writ of Habeas Corpus (Ex. 52) (ECF No. 15-27), at 12, 24 (Ground 6); at 22 (Ground 5); at 43 (Ground 2); at 25 – 26 (Ground 7). The Court therefore does not find that the grounds are time-barred.

### b. Exhaustion

In their motion to dismiss, Respondents argue that Grounds 2 and 7 are partly or wholly unexhausted in state court. See Motion to Dismiss (ECF No. 22), pp. 14–17. Respondents argue that Ground 2 is unexhausted because Malone did not present the Nevada Supreme Court with the juror number, juror's name or specific statements the juror made during voir dire in his previous state court petition. Id. This, Respondents argue, fundamentally altered the claim such that it is no longer a bare allegation of juror bias.

Fair presentation of federal habeas claims to the state court requires that the petition describe in the state proceedings both the operative facts and the federal legal theory on which the claim is based. Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). "Exhaustion, however, does not require that a 'habeas petition . . . present to the state courts every piece of evidence supporting his federal claims in order to satisfy the exhaustion requirement." Id. at 1009. "Rather, to exhaust the factual basis of the claim, the petitioner must only provide the state court with operative facts, that is, all of the facts necessary to give application to the constitutional principle upon which the petitioner relies." Id. (internal citations omitted).

In his state petition, Petitioner had alleged that trial counsel was ineffective for failing to strike pro-prosecution jurors during voir dire and cited to one juror of African descent. See Amended Supplemental Petition for Writ of Habeas Corpus (Exh. 52) (ECF No. 15-27) p. 43. Specifically, Petitioner mentioned that "[o]ne juror revealed that he was a retired homicide police detective," and that "[a]though [the] juror was of African descent, as is the Petitioner, the petitioner did not want this juror to decide his fate in a death penalty case" due to the juror's "obvious pro-prosecution bias." Id.

The district court's order, which the Nevada Supreme Court affirmed, dismissed this ground, specifically noting that Petitioner had cited "only to one juror of African descent," and had provided no juror number. Exh. 437 (ECF No. 30-72) p.12.

In his amended petition before this Court, Petitioner adds significantly more facts, including the juror's name, number, and statements that the juror made during voir dire that Petitioner contends should have subjected him to a peremptory strike.

Respondents argue that these new facts created a fundamentally different claim such that the claim was not fairly presented before the state court. The Court agrees. The state court explicitly cited the paucity of facts Petitioner pled in the lower court petition as an explicit reason why it rejected Petitioner's argument. Exh. 437 (ECF No. 30-72) pp. 12-13. While the Court is not convinced that Petitioner's new facts would have changed the state district court's analysis, the Court agrees with Respondents that the state court

was deprived of an opportunity to consider the issue on the facts that have been presented before this Court. Accordingly, the Court finds that this claim has not been exhausted.

Ground 7 is an argument that that Petitioner's trial counsel was ineffective because the testimony of Petitioner Donald Herb was insufficiently corroborated under section 175.291 of the Nevada Revised Statutes ("NRS"). Petitioner also argues that an improper jury instruction was given that omitted language that evidence tending to connect the defendant with the offense is not equivalent to corroboration. Respondents argue that this framing of Ground 7 was not fairly presented to the state courts.

The Court disagrees with Respondent that this claim was not fairly presented to the state courts. Petitioner's state court petition also cites the same corroboration statute. See Amended Supplemental Petition for Writ of Habeas Corpus (Ex. 52) (ECF No. 15-27) at 25. Petitioner's state petition does specifically discuss the testimony of Sarah Matthews and the ways in which it contradicted Mr. Herb's testimony. See Amended Supplemental Petition for Writ of Habeas Corpus (Ex. 52) (ECF No. 15-27) p. 25. However, the Court does not find that the differences are so significant as to say they were not fairly presented to the state court. The operative facts—the contradictions in Mr. Herb's testimony and what Petitioner alleges to be the failure of the testimony to be corroborated—are the same. The Court therefore finds that Ground 7 has been fairly presented to the state courts.

**c. Procedural Default**

Respondents next argue that Grounds 4, 5, 6 and 7 should be dismissed as procedurally defaulted. See Motion to Dismiss (ECF No. 22), pp. 12–14.

Ground 4 has two parts: in Ground 4A, Malone claims that the prosecutor committed prosecutorial misconduct in closing argument by referring "to a dumped out purse as evidence of a 'struggle' during the alleged kidnapping;" in Ground 4B, Malone claims that his trial counsel was ineffective for failing to object to the State's improper commentary. *See* Amended Petition for Writ of Habeas Corpus (ECF No. 11), pp. 48–58.

Respondents argue that Ground 4A is procedurally defaulted. In part of Ground 5, Malone argues that Jury Instruction Nos. 8, 26, and 36 lessened the State's burden of proof. Ground 6 claims that Malone's federal constitutional rights were violated because his first-degree kidnapping conviction was not supported by sufficient evidence. In part of Ground 7 Malone argues that his federal constitutional rights were violated because the trial court allowed the testimony of an accomplice and improperly instructed the jury about how to weigh the accomplice testimony.

In Coleman v. Thompson, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. Coleman v. Thompson, 501 U.S. 722, 731–32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. Murray v. Carrier, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Murray, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. See McCleskey v. Zant, 499 U.S. 467, 497 (1991). With respect to prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989), citing United States v. Frady, 456 U.S. 152, 170 (1982).

Respondents argue that, on the appeal in Malone's state habeas action, the Nevada Supreme Court ruled the claims in Grounds 4A, 5, 6, and 7 to be procedurally barred because they could have been, but were not, asserted on Malone's direct appeal. See Motion to Dismiss (ECF No. 22), pp. 12–14. Respondents point to the following passage in the Nevada Supreme Court's order on the appeal in Malone's state habeas action:

> Additionally, Malone raises numerous claims of pretrial, district court, and prosecution error that could have been raised on direct appeal. These include claims that the district court abused its discretion by
> (1) denying Malone pretrial habeas relief, (2) denying his posttrial motion for a new trial, (3) reappointing counsel from the Special Public Defender's office to represent him, and (4) overruling defense objections to certain jury instructions, one of which Malone unsuccessfully contested on direct appeal; (5) that his initial arrest was not supported by probable cause;
> (6) that the testimony of Mr. Herb, Ms. Estores, and Ms. Phillips violated the Confrontation Clause; (7) that insufficient evidence supported his kidnapping convictions; (8) that Ms. Matthew's testimony was inadequately corroborated per NRS 175.291; and that the State (9) failed to properly investigate all witnesses or the relevant phone records,
> (10) failed to properly test the DNA evidence taken from the golf club, and (11) committed prosecutorial misconduct by eliciting false statements by Ms. Phillips and regarding Malone's interaction with the victims, the dumped-out purse, and use of Malone's phone. These claims were procedurally barred absent a showing of good cause and prejudice, NRS 34.810(1)(b)(2); NRS 34.810(3), which Malone has not made. The district court therefore did not err in denying these claims without an evidentiary hearing.

Order of Affirmance, Exh. 474, p. 4 (ECF No. 31-35, p. 5). In response, Malone argues that he can show cause and prejudice with respect to the procedural default of Ground 4A, 5, 6, and 7 because of ineffective assistance of his appellate counsel in not asserting the claims on his direct appeal. *See* Opposition to Motion to Dismiss (ECF No. 36), pp. 2–6.

Malone might be able to overcome the procedural default of the claims in Grounds 4A, 5, 6, and 7 by showing that his appellate counsel was ineffective for not asserting the claim on his direct appeal. This cause-and-prejudice argument mirrors a claim of ineffective assistance of appellate counsel in Ground 8B. *See* Amended Petition for Writ of Habeas Corpus (ECF No. 11), p. 86. Therefore, as the issue of the possible procedural default of Grounds 4,5, 6, and 7 are intertwined with the merits of Ground 8B—as well as

the merits of Ground 4B, perhaps—the Court determines that it will be better resolved after Respondents file their answer and Malone files his reply. The Court will deny Respondents' motion to dismiss with respect to Grounds 4,5,6, and 7, without prejudice to Respondents' reasserting the procedural default defense to those claim in their answer, along with their argument on the merits of the claims.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 22) is **GRANTED IN PART AND DENIED IN PART**. Ground 2 of Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 11) are dismissed. In all other respects, the Motion to Dismiss is denied.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the date of this order to file an answer, responding to Petitioner's remaining claims. In all other respects the schedule for further proceedings set forth in the order entered August 31, 2018 (ECF No. 7) will remain in effect.

DATED THIS 13th day of July, 2020.

_____
**RICHARD F. BOULWARE, II,**
**UNITED STATES DISTRICT JUDGE**